**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

JAMIA MCCULLER

                Plaintiff,

    -against-

THE CITY OF ROCHESTER, a municipal entity,
MICHAEL COLLINS, AMBER GROSCH, JUSTIN
WHITMORE, "JOHN DOE POLICE OFFICER 1-200"
(names and number of whom are unknown at present),

                Defendants.

**MEMORANDUM OF LAW**

**Case No.: 21-cv-6763**

## PRELIMINARY STATEMENT

Defendants City of Rochester, Michael Collins, Amber Grosch and Justin Whitmore ("City Defendants") reject the alleged description of the circumstances leading to Plaintiff's claims, and focuses on Plaintiff's legal challenges.

Plaintiff participated in a public demonstration on the night of September 3-4, 2020, and now brings twelve claims from her interaction with the City Defendants during that demonstration: excessive force, assault and battery, unlawful seizure and false arrest (under federal and state law), First Amendment infringement and retaliation, failure to intervene, and negligence by the City of Rochester (Police Department), Michael Collins, Amber Grosch and Justin Whitmore in addition to municipal liability for the alleged constitutional violations by RPD, and negligence by the City.

This matter was originally filed as New York State action with the Clerk on September 3, 2021. The matter was removed to the Western District (Federal Court) on December 29, 2021.

The City now moves to dismiss the Plaintiff's ninth, tenth, eleventh and twelfth claims for relief. Even under a deferential standard of review, Plaintiff has failed to sufficiently plead her alleged claims.

## STATEMENT OF FACTS

Plaintiff participated in a protest in the City of Rochester on September 3-4, 2020. (Verified Complaint ¶¶ 14-32)

Plaintiff alleges that during these protests, she was hit with pepper balls, seized by law enforcement, handcuffed, and arrested. (Verified Complaint ¶¶ 14-32)

Plaintiff also pleads that "RPD officers…were at all times employees and agents of the Defendant (City)" and acting within the scope of his or her employment. The Plaintiff alleges the City should be responsible under respondeat superior for Plaintiff's claims of assault and battery (Verified Complaint ¶ 70) and unlawful seizure (Verified Complaint ¶ 91). Plaintiff also separately alleged—as her twelfth claim for relief—respondeat superior against the City. (Verified Complaint ¶ 149.)

Plaintiff also alleged that the individual defendants failed to fulfill their "affirmative duty to intervene on Plaintiff's behalf to prevent the violation of her rights" (Verified Complaint ¶130), even though they were alleged to have substantially contributed to the alleged violation (Verified Complaint ¶ 132).

Plaintiff also alleged that the City was negligent in the training, supervision, and discipline of their respective law enforcement employees when they failed to ensure law

enforcement could properly police protests and demonstrations (Verified Complaint ¶¶ 136-147). According to Plaintiff, the City also "breached [their] duty to keep demonstrators safe" (e.g., Verified Complaint ¶¶ 141-143).

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lynch v. City of New York*, 952 F.3d 67, 74 (2d Cir. 2020) (internal quotations omitted), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts must also draw all reasonable factual inferences in the Plaintiff's favor, they may decline to accept legal conclusions that plaintiffs present as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. at 678.

## ARGUMENT

**I.  IN HER NINTH CLAIM PLAINTIFF FAILED TO ALLEGE THE ELEMENTS OF FIRST AMENDMENT INFRINGEMENT AND RETALIATION, SO BOTH CLAIMS MUST BE DISMISSED.**

To claim deprivation of First Amendment rights, Plaintiff must allege specific, non-speculative impairment of her First Amendment rights—and she does not. *Spear v. West Hartford*, 954 F.2d 63 (2d Cir. 1992). Plaintiff alleges details from her participation in a protest on September 4, 2020 with law enforcement interaction (Verified Complaint ¶ 14-32), and not once alleged that her speech was hindered in any way.

As a private citizen suing a public official for First Amendment retaliation, Plaintiff must show that: "(1) [he] has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right."

*Wood v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008). Furthermore, these claims must be set forth "through specific and detailed factual allegations," not "wholly conclusory terms[,]" in order to survive a motion to dismiss. *Friedl v. City of New York*, 210 F.3d 79, 85-86 (2d Cir. 2000).

Plaintiff has not pled any of the elements of First Amendment retaliation. She has not demonstrated that the alleged retaliation was caused by her alleged free speech or how Defendants allegedly "chilled [his] exercise of [his] First Amendment right." While she states that she was arrested at the protests (Verified Complaint ¶¶ 30-32), she fails to allege that law enforcement responded in this way, *because of* her exercise of First Amendment rights. The Verified Complaint also contains no allegation of how Defendants stopped or even chilled her free speech. She never alleged that he wanted to engage in First Amendment speech, but declined to because of Defendants' actions. Furthermore, arrests, without more, do not constitute chilling effect on First Amendment rights. *Wood v. Town of E. Hampton*, No. 08-CV-4197, 2010 U.S. Dist. LEXIS 104806, at *23-24 (E.D.N.Y. Sept. 30, 2010).

## II. BECAUSE LAW ENFORCEMENT OFFICERS MAY NOT BE SUED FOR SIMULTANEOUSLY ENGAGING IN AND FAILING TO INTERVENE TO PREVENT EXCESSIVE FORCE, PLAINTIFF'S FAILURE TO INTERVENE CLAIM MUST BE DISMISSED.

Plaintiff's tenth cause of action for failure to intervene must be dismissed. The City acknowledges that federal law recognizes that law enforcement officer have "an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen*,

17 F.3d 552, 557 (2d Cir. 1994) (emphasis added). Failure to intervene is inapplicable, however, "[w]here the officer is a direct participant in the allegedly excessive use of force[.]" *Cuellar v. Love,* No. 11-CV-3632, 2014 U.S. Dist. LEXIS 51622, at *23, (S.D.N.Y. Apr. 11, 2014); See also *Abujayyab v. City of New York,* No. 15-CV-10080, 2018 U.S. Dist. LEXIS 140914 at *23-24 (S.D.N.Y. Aug. 20, 2018).

Plaintiff has pled this exact inapplicable set of circumstances: she brings suit for a failure to intervene against the officers who allegedly engaged in excessive force. Indeed, the allegation itself confirms the need for the dismissal, when she expressly claims they allegedly failed to intervene in the situation they created: "The individual defendants failed to intervene on Plaintiff's behalf despite having substantially contributed to the circumstances within which Plaintiff's rights were violated by their affirmative conduct." (Verified Complaint ¶ 132) Plaintiff's tenth claim for failure to intervene must be dismissed in light of Plaintiff's claim that they also engaged in the alleged violation of her constitutional rights.

### III. PLAINTIFF'S NEGLIGENCE CLAIMS AGAINST THE CITY MUST BE DISMISSED AS A MATTER OF LAW AND LEGAL INSUFFICENCY.

Plaintiff's eleventh cause of action must also be dismissed, because Plaintiff has impermissibly pled that the officers were acting both within and outside of the scope of their employment during the circumstances giving rise to the claims.

It is well settled under New York State law that a plaintiff may not bring a claim holding an employer liable for negligent supervision and training when the employee's actions were within the scope of the employee's employment. *Watson v. Strack*, 5 A.D.3d

1067, 1068 (4th Dep't 2004);[1] *Ambroise v. United Parcel Service of America, Inc.*, 143 A.D.3d 929, 931 (2d Dep't 2016). Indeed, "[t]he cause of action for negligent training, supervision and education *must be dismissed* in view of the cause of action alleging that defendant is liable for the negligent acts of its employee under the doctrine of respondeat superior." *Trader v. State*, 277 A.D.2d 978, 978 (4th Dep't 2000) (emphasis added).

Despite this clear and consistent precedent, Plaintiff has pled these contradictory theories: that RPD officers were "within the scope of their employment" while allegedly engaged in assault and battery and unlawful seizure (Verified Complaint ¶93)—but also that the City "was negligent in the training, supervision, and discipline" of its police officers (Verified Complaint ¶ 139-143). Plaintiff even emphasizes the City's responsibility for its named employees *that were acting within the scope of their employment*, by pleading respondeat superior as her eleventh claim for relief. (Verified Complaint ¶¶ 136-147). Under New York State Law, the Court must dismiss Plaintiff's negligence claim against the City as a matter of law, because it cannot co-exist with claims of respondeat superior.

Plaintiff also alleges that the City "breached its duty to keep demonstrators safe" (e.g., Verified Complaint, ¶ 141-143). Municipalities cannot be held liable for failing to protect specific individuals, unless a "special relationship" exists. *Cuffy v. New York*, 69 N.Y.2d 255, 260 (N.Y. 1987). Here, Plaintiff failed to plead the elements of any such special relationship: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the

---

[1] Only one exception exists: the employer's alleged gross negligence in an employee's hiring or retention for which the Plaintiff seeks punitive damages. *Watson*, 5 A.D.3d at 1068. Plaintiff has not pled this exception and it is, moreover, inapplicable, because punitive damages cannot be awarded against a municipality. *Sharapata v. Islip*, 56 N.Y.2d 332 (N.Y. 1982).

part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking." *Cuffy*, 69 N.Y.2d at 260. Without a special relationship, the City did not owe a duty of protection to the demonstrators, and any claims for breaching the alleged duty must be dismissed.

IV.   **PLAINTIFF'S NEGLIGENCE CLAIM AGAINST THE INDIVIDUAL OFFICERS MUST BE DISMISSED, BECAUSE IT CONFLICTS WITH HER INTENTIONAL TORT CLAIMS AND MUNICIPAL ACTORS MAY NOT BE LIABLE FOR DISCRETIONARY ACTS.**

Plaintiff cannot plead both an intentional tort and negligence, so one set of claims—presumably the negligence—must be dismissed. These claims are "mutually exclusive," because "[a]n assault and battery is an intentional act, whereas negligence is unintentional." *United National Insurance Co. v. Tunnel, Inc.*, 988 F.2d 351, 353 (2d Cir. 1993); *Mazzaferro v. Albany Motel Enterprises, Inc.,* 515 N.Y.S.2d 631, 632-33 (3d Dep't 1987); see also *New York Casaulty Ins. Co. v Ward*, 139 A.D.2d 922, 923 (4th Dep't 1988).

The New York State Court of Appeals has repeatedly held that under the government function immunity defense, "discretionary acts may not be the basis of liability" for municipalities or their employees--"even if resulting from negligence or malice." *McLean v. City of New York*, 12 N.Y.3d 194, 202 (N.Y. 2009); see also *Lauer v. City of New York*, 95 N.Y.2d 95, 99 (N.Y. 2000). Discretionary acts involve "the exercise of reasoned judgment which could typically produce different acceptable results[.]" *Tango v. Tulevech*, 61 N.Y.2d 34, 41 (N.Y. 1983).

(On the other hand, ministerial acts involve "direct adherence to a governing rule or standard with a compulsory result" (*Tango,* 61 N.Y.2d at 41) and may result in liability—if actions violate a special duty owed to an individual. *McLean*, 12 N.Y.3d at 203; *Lauer,* 95 N.Y.2d at 99-101.)

Most law enforcement activities—and certainly the ones pled here, i.e., using force against Plaintiff—inherently involve discretion and judgment. *Arias v. City of New York*, 22 A.D.3d 436, 437 (2d Dep't 2005) ("This immunity extends to the actions of police officers engaged in law enforcement activities, provided that the officers' actions are not inconsistent with acceptable police practice[.]"); see also *Davila v. City of New York*, 139 A.D.3d 890, 894-895 (2d Dep't 2016) (affirming that officers allegedly negligent acts in restraining individual with mental illness were discretionary). Plaintiff alleges police officers were negligent in using force (Verified Complaint ¶ 145) when these officers were responding to "thousands of people gathered…"—in an evolving situation (Verified Complaint ¶ 12). The officers exercised their judgment and determined the level of force to use in response to the situation, which means the officers are immune from liability for any negligence in those discretionary acts.

**V.     PLAINTIFF'S TWELFTH CLAIM FOR RELIEF MUST BE DISMISSED, BECAUSE RESPONDEAT SUPERIOR LIABILITY IS NOT A CLAIM IN ITSELF AND PLAINTIFF FAILED TO PLEAD AN ACCOMPANYING TORT OR INJURY.**

Plaintiff's twelfth claim must also be dismissed, because Plaintiff has conflated a legal theory of liability (i.e., respondeat superior) with a claim for relief.

"An employer may be vicariously liable *for an employee's tortious act* based on the doctrine of respondeat superior [….] provided the employee was at the time acting for the

employer, and within the scope of the business entrusted to him or her." 52 NY Jur 2d Employment Relations § 396 (emphasis added); *Riviell v. Waldron*, 47 N.Y.2d 297, 302 (N.Y. 1979); see also *Prystajko v. Western N.Y. Pub. Broadcasting Assn.*, 57 A.D.3d 1401, 1403 (4th Dep't 2008). Plaintiff must first identify a tort, negligence, or harm rendered by a City employee in order to receive a remedy, and then assert the City's liability for that remedy via respondeat superior. Respondeat superior only transfers liability; it cannot stand alone as a claim, as Plaintiff has pled here. Plaintiff has accordingly failed to state a claim for which any relief may be granted, and this stand-alone respondeat superior claim must be dismissed.

Defendant also notes that Plaintiff has asserted that the City is liable, pursuant to respondeat superior, for her claims against named RPD Officers for assault and battery and unlawful seizure and false arrest. (Verified Complaint ¶¶ 69, 92, respectively). This separate respondeat superior claim is also, therefore, duplicative of those claims.

## CONCLUSION

For the foregoing reasons, Defendant City respectfully request that the Court grant their motion to dismiss the ninth, tenth, eleventh and twelfth causes of action, and award the City such other relief as the Court deems proper.

DATED: February 3, 2022

/s/John M. Campolieto
_____
John M. Campolieto, Esq., of counsel
Attorneys for Defendants
30 Church Street, Room 400A City Hall
Rochester, NY   14614
Telephone: (585) 428-7410