UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

JAMES MCCULLER,

                Plaintiff,

                                                        Case # 21-CV-6763-FPG

v.

                                                               DECISION AND ORDER

THE CITY OF ROCHESTER, et al.,

                Defendants.
───────────────────────────────────

## INTRODUCTION

This is one of many cases pending before the Court that arises out of protests that erupted in the City of Rochester in September 2020 following the release of news that Daniel Prude, an unarmed black man, died during an encounter with police in March 2020. Plaintiff Jamia McCuller—a protestor who alleges she was injured and handcuffed during the protests—filed this action in state court against the City of Rochester ("City"), Rochester Police Department Officers Michael Collins, Amber Grosch, Justin Whitmore, and John Doe Police Officers 1-200 ("RPD Officers") for multiple federal and state claims. Defendants removed the case to federal court on December 29, 2021. ECF No. 1.

Plaintiff raises 12 claims in the Complaint: (1) municipal/*Monell* liability against the City for alleged violations of the First, Fourth, and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983; (2) excessive force against RPD Officers, pursuant to § 1983; (3) assault and battery against all Defendants, pursuant to New York State law; (4) unlawful seizure/false arrest against RPD Officers, pursuant to § 1983; (5) unlawful seizure/false arrest against Defendants, pursuant to New York State law; (6) evidence fabrication/denial of fair trial against RPD Officers, pursuant to § 1983; (7) malicious prosecution against RPD Officers, pursuant to § 1983; (8) malicious prosecution against Defendants, pursuant to New York State law; (9) First Amendment

infringement and retaliation against all Defendants, pursuant to § 1983; (10) failure to intervene against RPD Officers, pursuant to § 1983; (11) negligence against the City, pursuant to New York State law; and (12) respondeat superior against the City, pursuant to New York State law.

On February 5, 2022, Defendants filed a motion to dismiss the Ninth, Tenth, Eleventh, and Twelfth Claims. ECF No. 2. The motions are now fully briefed.

## FACTUAL BACKGROUND

Plaintiff—who is a resident of the City—participated in large public demonstrations on the night on September 3-4, 2020. At approximately 10:30 p.m. on September 3, 2020, Plaintiff was on the sidewalk in front of the Public Safety Building when she was "shot multiple times with pepper balls, without cause or justification." ECF No. 1-2 ¶ 16. At approximately 12:15 a.m. on September 4, 2020, Plaintiff recorded Grosch "aggressively harassing another protestor." *Id.* ¶ 17. "In retaliation, at approximately 12:27 a.m., [Collins] ordered that [Plaintiff] be arrested." *Id.* ¶ 18. The RPD Officers rushed Plaintiff, "violently seized her and threw her to the ground." *Id.* ¶ 19. Collins and Grosch pulled Plaintiff's hair and placed their full bodyweight on Plaintiff's back and neck without justification or cause. *Id.* ¶¶ 20-23. Grosch choked Plaintiff and used "pain compliance" techniques. *Id.* ¶¶ 24-25. The RPD Officers handcuffed Plaintiff despite that Plaintiff did not commit any crime. *Id.* ¶¶ 26-28. They charged her with Disorderly Conduct, Harassment, and Resisting Arrest, and fabricated official RPD paperwork to falsely accuse her. *Id.* ¶¶ 29-30. Plaintiff was in police custody for several hours, was finally released, and then appeared in criminal court several times before the "false criminal charges were eventually dismissed in their entirety on or about June 16, 2021." *Id.* ¶ 32.

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible when the plaintiff pleads facts sufficient to allow the Court to draw reasonable inferences that the defendant is liable for the alleged misconduct. *Id.* In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). At the same time, the Court is not required to credit "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . [with] a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (internal citations and quotations omitted). The "touchstone for a well-pleaded complaint under Federal Rules of Civil Procedures 8(a) and 12(b)(6) is plausibility." *In re AOL Time Warner, Inc. Sec. Litig.*, 503 F. Supp. 2d 666, 670 (S.D.N.Y. 2007) (citing *Twombly*, 550 U.S. at 560-61). To meet this plausibility standard, the factual allegations must permit the Court "to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

**DISCUSSION**

**I.    Ninth Claim: First Amendment Infringement & Retaliation – All Defendants**

The Complaint advances two theories of First Amendment liability: (a) that Defendants "retaliated against Plaintiff for engaging in speech and/or conduct protected by the First Amendment" and (b) that Defendants "imposed restrictions on such protected speech and/or conduct that violated Plaintiff's First Amendment rights, including, but not limited to subjecting Plaintiff to excessive force, in arresting and prosecuting [P]laintiff, in selectively enforcing laws

and regulations against Plaintiff, and in otherwise violating Plaintiff's rights." ECF No. 1-2 ¶ 123. Both theories are premised on Defendants' retaliation for Plaintiff expressing her views.

To plead a First Amendment retaliation claim a plaintiff must show: "(1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Dorsett v. Cnty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013).

Defendants argue that Plaintiff has not established any constitutional injury because she has not alleged that she was unable to protest or stopped protesting because of any action taken by the Sheriff's Deputies.

However, Plaintiff indeed alleges that Defendants' actions prevented her from further protesting on the night of September 3-4, 2020, when she was arrested. ECF No. 1-2 ¶ 125. At the very least, Plaintiff was unable to protest while she was in police custody "for several hours." *Id.* ¶ 31.

In addition, "[t]he type of allegations necessary to satisfy the injury element of a First Amendment retaliation claim vary depending on the factual context." *Morales v. Valley Stream Union Free Sch. Dist. 24*, 527 F. Supp. 3d 470, 474 (E.D.N.Y. 2021) (quoting another case). As a result, "[c]hilled speech is not the *sine qua non* of a First Amendment claim. A plaintiff has standing if he can show *either* that his speech has been adversely affected by the government retaliation or that he has suffered some other concrete harm." *Dorsett*, 732 at 160 (emphasis in original).

Here, Plaintiff alleges that she was physically injured in retaliation for filming the RPD Officers perform a public function. ECF No. 1-2 ¶ 18. Viewed in the light most favorable to Plaintiff, at this stage, the Court concludes that such physical injuries are "some other concrete

harm" and therefore meet the causation requirement.  Therefore, Defendants' motion to dismiss the Ninth Claim is denied.

## II.     Tenth Claim: Failure to Intervene – RPD Officers

"It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Allen v. City of New York*, 480 F. Supp. 2d 689, 694 (S.D.N.Y. 2007) (quoting another source).  To state a claim against an officer for his or her failure to intervene, a plaintiff must allege facts demonstrating that "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) [the officer knew] that the victim's constitutional rights were being violated; and (3) the officer [did] not take reasonable steps to intervene." *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008).

RPD Officers argue that a failure to intervene claim cannot lie against law enforcement officers who also engaged in that constitutional violation.  ECF No. 2-3 at 4-5.  Essentially, RPD Officers urge the Court to dismiss the failure to intervene claim because they could not possibly have committed the underlying constitutional violations (such as excessive force and false arrest) while they simultaneously failed to intervene to prevent those same violations.

That is a misreading of the facts and law.  Plaintiff alleges multiple constitutional violations, and it is possible that a defendant directly participated in one constitutional violation while he failed to intervene in another.  Moreover, "the plaintiff is allowed to plead in the alternative" and "the alternative claims need not be consistent." *Breton v. City of New York*, 404 F. Supp. 3d 799, 814 (S.D.N.Y. 2019) (declining to dismiss failure to intervene claim on the basis that defendant "directly participated in both the arrest and prosecution and therefore could not have intervened").

**III.     Eleventh Claim: Negligent Training, Supervision, and Discipline – City**

The City moves to dismiss this claim and Plaintiff does not appear to oppose dismissal. "To maintain a claim against a municipal employer for the negligent hiring, training, and retention of a tortfeasor under New York law, a plaintiff must show that the employee acted outside the scope of her employment. If the employee acted within the scope of her employment, the employer and the employee's supervisors may be held liable for the employee's negligence only under a theory of *respondeat superior*." *Velez v. City of New York*, 730 F.3d 128, 136 (2d Cir. 2013) (internal quotation marks omitted).

Here, the Complaint states that "[a]t all relevant times" the RPD Officers "were acting within the scope of their employment." ECF No. 1-2 ¶ 4. Therefore, there can be no claim for negligent training, supervision, and discipline against the City, and the City's motion to dismiss that claim is granted.[1]

**IV.     Twelfth Claim: Respondeat Superior – City**

Plaintiff asserts a claim for "respondeat superior" against the City. Respondeat superior is not a standalone claim. *Rodriguez v. City of New York*, No. 18 CIV. 4805 (NRB), 2021 WL 5360120, at *3 (S.D.N.Y. Nov. 16, 2021) ("This Court has also already noted that *respondeat superior* is not a standalone claim."). Rather, it is a vehicle through which a plaintiff can hold an employer responsible for the torts committed by its employees. *Rosenfeld v. Lenich*, 370 F. Supp. 3d 335, 350 (E.D.N.Y. 2019) ("Under the New York common law doctrine of respondeat superior, an employer may be vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment."). Section 1983 does not recognize respondeat superior liability. *Alwan v. City of New York*, 311 F.

---

[1] Plaintiff does not appear to allege a negligent planning claim.

Supp. 3d 570, 587 (E.D.N.Y. 2018) ("[A] plaintiff seeking to recover on the basis of respondeat superior simply does not come within the terms of [§] 1983."). And Plaintiff has asserted within each state law claim that the City is liable via respondeat superior. Plaintiff does not oppose dismissal of this claim and, accordingly, the Twelfth Claim for respondeat superior is dismissed.

## CONCLUSION

For the reasons explained above, the Defendants' motion to dismiss, ECF No. 2, is GRANTED IN PART and DENIED IN PART. The Eleventh Claim (negligent training, supervision, and discipline against the City) and the Twelfth Claim (respondeat superior against the City) are DISMISSED in their entirety. The following claims may proceed:

(1) municipal/*Monell* liability against the City for alleged violations of the First, Fourth, and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983;

(2) excessive force against RPD Officers, pursuant to § 1983;

(3) assault and battery against all Defendants, pursuant to New York State law;

(4) unlawful seizure/false arrest against RPD Officers, pursuant to § 1983;

(5) unlawful seizure/false arrest against Defendants, pursuant to New York State law;

(6) evidence fabrication/denial of fair trial against RPD Officers, pursuant to § 1983;

(7) malicious prosecution against RPD Officers, pursuant to § 1983;

(8) malicious prosecution against Defendants, pursuant to New York State law;

(9) First Amendment infringement and retaliation against all Defendants, pursuant to § 1983; and

(10) failure to intervene against RPD Officers, pursuant to § 1983.

A status conference is scheduled in all protest-related cases for July 21, 2022, at 3:00 p.m.

IT IS SO ORDERED.

Dated: June 30, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York