**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

JAMIA MCCULLER

                Plaintiff,

-against-

THE CITY OF ROCHESTER, a municipal entity,
MICHAEL COLLINS, AMBER GROSCH, JUSTIN
WHITMORE, "JOHN DOE POLICE OFFICER 1-200"
(names and number of whom are unknown at present),
                Defendants.

**ANSWER**
**Jury Trial Demanded**
**Case No.: 21-cv-6763**

    The City of Rochester, a Municipality, and Michael Collins, Amber Grosch and Justin Whitmore (hereinafter "City Defendants") by their attorneys Linda S. Kingsley, Esq, John M. Campolieto, Esq, *of Counsel*, Answer the Complaint as follows:

    1.    City Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 1, 7, 10, 14, 15, 17, 29, 46, 47, 57, 69, 70, 75, 77, 78, 84, 85, 89, 90, 92, 93, 106, 113, 116 and 117.

    2.    City Defendants admit paragraphs 8 and 9.

    3.    City Defendants deny paragraphs 5, 6, 16, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30, 32, 33, 34, 35, 37, 38, 39, 41, 42, 43, 44, 45, 48, 50, 51, 53, 54, 55, 56, 58, 59, 60, 61, 63, 64, 65, 66, 67, 68, 71, 72, 73, 76, 79, 80, 81, 82, 86, 87, 88, 91, 94, 96, 97, 98, 99, 100, 102, 103, 104, 105, 107, 108, 109, 111, 112, 114, 115, 118, 119, 120, 122, 123, 124, 125, 126, 127, 128, 131, 132, 133, 134 and 135.

    4.    City Defendants deny paragraphs 2 and 3 of the Complaint except admits that the City of Rochester is a municipal corporation.

5. As to Paragraph 4, the City Defendants admit as much of the paragraph as it pertains to Michael Collins, Amber Grosch and Justin Whitmore but denies the remainder of the paragraph

6. Paragraph 10 contains legal conclusions and, as such, does not require a response.

7. As to Paragraph 11, the City Defendants admit as much of the paragraph which states that Daniel Prude suffered an acute mental health crisis on March 23, 2020 and was taken off life support and died on March 30.

8. City Defendants deny the allegations in paragraphs 12 and 13, except admit that there were demonstrations within the City of Rochester following September 2, 2020.

9. As to Paragraph 18, the City Defendants admit as much of the paragraph which states that Plaintiff was arrested and deny the remainder of the paragraph.

10. As to Paragraph 31, the City Defendants admit that Plaintiff was detained but lack knowledge or information sufficient to form a belief regarding the remainder of the paragraph.

11. As to Paragraph 36, the City Defendants admit as much of the paragraph that quotes language that appears on the City website.

12. As to Paragraph 40, the City Defendants admit that its "civil disorder" training and guidelines purpose is for addressing civil disorder.

13. As to Paragraphs 49, 52, 62, 74, 83, 95, 101, 110, 121 and 129, they require no response, if such a response is required they are denied.

14. As to Paragraph 130, City Defendants admit as much pf paragraph 130 stating the Defendants have a general duty to intervene, under certain circumstances, not present in this matter.

15. As to Paragraphs 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149 and 150, these paragraphs, claims and allegations have been dismissed and require no response, if they do require a response they are denied.

16. City Defendants deny any and all other allegations in the Complaint.

### FIRST AFFIRMATIVE DEFENSE

17. The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

18. Any use of force allegedly used by any City Defendant was objectively reasonable and justified under New York State and Federal Law.

### THIRD AFFIRMATIVE DEFENSE

19. The acts or omissions of any City Defendant, Rochester Police Officers, including the individual officers, were not the proximate cause of any of the injuries about which Plaintiff complains.

### FORUTH AFFIRMATIVE DEFENSE

20. The injuries and damages alleged in the Complaint were caused by a Third Party or Plaintiff's own acts, conduct, or omissions to act, which were negligent, reckless, wrongful, intentional or otherwise culpable. Should any damages ultimately be awarded in this matter, they shall be diminished in proportion to Plaintiff's culpable conduct.

### FIFTH AFFIRMATIVE DEFENSE

21. Any force, allegedly used, did not rise to the level of a constitutional violation and was reasonable and necessary under the circumstances.

### SIXTH AFFIRMATIVE DEFENSE

22. The City of Rochester and employees properly exercised professional judgment, and are therefore entitled to good faith immunity and discretionary immunity from suit.

### SEVENTH AFFIRMATIVE DEFENSE

23. City Defendants did not violate any clearly established federal right of which a reasonable officer would have known, and are therefore entitled to qualified immunity.

### EIGHTH AFFIRMATIVE DEFENSE

24. The Complaint fails to sufficiently allege facts that any of the Defendants acted maliciously, wantonly, or in a manner which manifested a gross deviation from the standard of conduct which a reasonable person would follow, and therefore, the Complaint has failed to allege facts upon which an award of punitive damages could be granted as a matter of law.

### NINTH AFFIRMATIVE DEFENSE

25. All conduct by the City of Rochester and by its individual police officers, employees, agents, or representatives was justified under the circumstances herein; was privileged conduct in the performance of Defendants' police function; was supported by probable cause; and was reasonably necessary to the performance of its duties and in accordance with the requirements of law.

### TENTH AFFIRMATIVE DEFENSE

26. None of the acts of any City Defendant were taken in consideration of or as a result of Plaintiff's exercise of his First Amendment or other Constitutional rights.

### ELEVENTH AFFIRMATIVE DEFENSE

27. The City of Rochester did not authorize, condone, permit, or ratify any allegedly improper or malicious conduct on the part of any person or adopt any policy condoning such conduct.

### TWELFTH AFFIRMATIVE DEFENSE

28. Plaintiff's arrest and prosecution were at all times supported by probable cause.

**WHEREFORE**, Defendants demand judgment dismissing the Amended Complaint, together with the costs and disbursements of this action, and such other and further relief as may be just and proper.

Dated: September 30, 2022                                LINDA S. KINGSLEY, Corporation Counsel

/s/ John M. Campolieto
_____
BY: John M. Campolieto, Esq., *of Counsel*
Attorneys for Defendants
City Hall Room 400A, 30 Church Street
Rochester, New York 14614
(585) 428-6699

To:   All Counsel of Record, via ECF