UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**Jamia McCuller,**

    Plaintiff,

v.                                              21-cv-6763-FPG-MJP

**The City of Rochester, et al.,**

    Defendant.

---

**Masai Andrews,**

    Plaintiff,

v.                                                21-cv-6764-FPG-MJP

**The City of Rochester, et al.,**

    Defendant.

---

# ORDER

Plaintiffs in the above actions filed letter motions requesting case management conferences with the undersigned. (21-cv-6763, ECF No. 42; 21-cv-6764, ECF No. 45.) These letter motions request a conference about (1) Plaintiffs' "anticipated motion[s] to compel" because "Defendants have not provided initial disclosures or responses to" Plaintiffs "November 13, 2023 discovery demands" and (2) because Defendants have failed to answer the amended complaints in both actions.

1

Defendants' purported failure to answer caught the Court's attention. In the *Andrews* case, Plaintiff filed an amended complaint on September 21, 2023. (ECF No. 33.) Defendants have filed no answer. Likewise, in the *McCuller* case Plaintiff filed an amended complaint on September 4, 2023. (ECF No. 28.) Again, no response. Considering Defendants' failure to answer, the Court finds that entry of default against certain Defendants is warranted for several reasons.

*First*, this Court must "give the Federal Rules of Civil Procedure their plain meaning." *White v. Larusch*, 532 F. Supp. 3d 122, 124 (W.D.N.Y. 2021) (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns. Enterprises, Inc.*, 498 U.S. 533, 540 (1991)). This is because the Federal Rules "are binding upon court and parties alike, with fully the force of law." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 844 (6th Cir. 2020) (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988)). "While the Rules 'should be liberally construed … they should not be expanded by disregarding plainly expressed limitations.'" *White*, 532 F. Supp. 3d at 124 (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 121 (1964)).

*Second*, under a plain reading of Fed. R. Civ. P. 5, Plaintiffs adequately served Defendants.[1] That rule applies to any "pleading filed after the original complaint[.]" Fed. R. Civ. P. 5(a)(1)(B). Plaintiffs' amended complaints are such a pleading. Plaintiffs effected service here by "sending" the amended complaints "to a registered user by filing [them] with the court's electronic filing system." Fed. R. Civ. P. 5(b)(2)(E) (alteration added). Plaintiffs thus completed service when they filed their amended complaints on the docket. *Id.*

*Third*, under **any** reading of the Federal Rules, Defendants have missed their deadline to answer. Fed. R. Civ. P. 12(a)(1)(A). **Nine months** have come and gone since Plaintiffs filed their amended complaints in these cases. While the parties in the *McCuller* case stipulated to the City's answer deadline, that deadline, too, has long passed. (Stipulation at 9, ECF No. 29, Sept. 21, 2023.[2])

---

[1] In amending, Plaintiffs identified numerous John Doe Defendants and added allegations about them. The Court issued summonses stating the deadlines for those Defendants to answer. (21-cv-6763, ECF No. 31, Oct. 19, 2023; 21-cv-6764, ECF No. 35, Oct. 19, 2023.) The Court does not yet direct entry of default against these Defendants. First, the Court directs Plaintiffs to file proof of service as to the later-added Defendants, as discussed below.

[2] As discussed below in footnote 3, the caption of this stipulation includes the *Andrews* case.

*Finally*, because Fed. R. Civ. P. 55(a) is "not discretionary,"[3] the Court must direct entry of default. *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015). Here, Defendants have failed "to plead or otherwise defend." Fed. R. Civ. P. 55(a). That Plaintiffs have not requested entry of default makes no difference. *See Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) (summary order) ("The plain language of Rule 55(a) [ ] does not mandate that a default be entered only upon plaintiff's request but rather implies that however a district court ultimately becomes aware of a party's default, the clerk must enter default." (citing Fed. R. Civ. P. 55(a))). Here, it is enough that Defendants' "failure" to answer has been "shown by affidavit *or otherwise*." Fed. R. Civ. P. 55(a) (emphasis added). The Clerk of the Court "must enter" default. *Id*.

## CONCLUSION

The Court thus directs the Clerk of the Court to enter default pursuant to Fed. R. Civ. P. 55(a) against the below Defendants:

- The City of Rochester in both cases.

---

[3] Loc. R. Civ. P. 55(a) notes several documents required for entry of default. This Court interprets that provision to apply only to *parties* seeking entry of default.

- Defendants Tyshon Williams, Shawn Jordan, Alexander Elmore in the *Andrews* case, 23-cv-6764.

- Defendants Michael Collins and Amber Grosch in the *McCuller* case, 21-cv-6763.

As for all other Defendants, the Court directs Plaintiffs to file on the docket proof of service concerning these Defendants by no later than July 12, 2024.[4] If Plaintiffs properly served those Defendants, the Court must likewise direct entry of default against them. The Court denies as moot Plaintiff's applications for case management conferences or other relief with leave to renew if the Court later vacates Defendants' defaults.

**SO ORDERED.**

Dated:  July 3, 2024
        Rochester, NY          */s/ Mark W. Pedersen*
                               MARK W. PEDERSEN
                               United States Magistrate Judge

---

[4] The Court is aware that the parties entered a stipulation in the *McCuller* case agreeing that the Defendants to be added would answer the amended complaint by no later than October 26, 2023. Both cases are included in the caption of the stipulation, although it does not appear it was filed in the *Andrews* case.

5